**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-61-1-TLS<br>2:20-CV-215-TLS |
| LEEROY HAYES BECK | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Leeroy Hayes Beck's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 195], and his Letter [ECF No. 227] seeking immediate release. For the reasons set forth below, the Court dismisses his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 195] and denies the relief requested in his Letter [ECF No. 227].

**BACKGROUND**

On January 17, 2019, the Court adjudged the Defendant guilty of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Superseding Indictment 7, ECF No 18; Jan. 17, 2019 Order, ECF No. 73. The Defendant pled guilty pursuant to a plea agreement entered into the record on November 13, 2018. *See* Plea Agreement, ECF No. 43; Change of Plea Hr'g, ECF No. 45. On May 14, 2019, the Defendant was sentenced to ninety-six months imprisonment to be followed by two years of supervised release. *See* Sentencing Hr'g, ECF No. 130. The Defendant has since filed a § 2255 Motion [ECF No. 195] and a Letter [ECF No. 227] seeking immediate release.

## ANALYSIS

### 1. § 2255 Motion

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, district courts must conduct a preliminary review of § 2255 motions. The Rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b) of Rules Governing Section 2255 Proceedings.

The Defendant's § 2255 Motion argues that he received ineffective assistance of counsel. The basis provided for the claim is that "Movant's sentence of 96 months for 924(c)(1)(A)(ii) the statutory maximum allowed by Congress is 84 months and violates of my '6' Sixth Amendment Right to," and that "Movant's 924(c) is unconstitutional maximum allowed by congress is 84 months which is seven years. The courts sentenced your movant to 96 months (8 years) and ten months for a 924(c) brandishing." § 2255 Mot. 5, 13, ECF No. 195. Based on this, it appears the Defendant is attempting to argue that his term of imprisonment exceeds the maximum duration permitted by statute.

To succeed on an ineffective assistance of counsel claim, the Defendant must show that he was prejudiced by his attorney's performance. *See United States v. Farr*, 297 F.3d 651, 657 (7th Cir. 2002) ("A defendant claiming ineffective assistance of counsel must establish that his attorney's performance was seriously deficient and that he was prejudiced by the performance." (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000))). The Defendant was adjudged guilty of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Such a conviction carries a minimum term of imprisonment of not less than 7 years, 18 U.S.C. §

924(c)(1)(A), and permits a maximum term of life imprisonment, *United States v. Lucas*, 670 F.3d 784, 795–96 (7th Cir. 2012). The Defendant's Plea Agreement acknowledges this range. Specifically, the Plea Agreement provides that: "I understand that the maximum possible penalties that may be imposed upon me for my conviction for the offense charged in Count Three of the Superseding Indictment are life imprisonment . . . . I also understand that Count Three carries a mandatory minimum term of imprisonment of seven (7) years." Plea Agreement ¶ 7(b), ECF No. 43.

The only basis for the Defendant's ineffective assistance of counsel claim is that his sentence exceeded the duration permitted by statute; however, his sentence is not greater than the statutory maximum. The fact that the Defendant received a sentence within the statutory range does not demonstrate that he was prejudiced by his attorney's performance. Accordingly, his § 2255 Motion is dismissed.

**2. Letter Seeking Miscellaneous Relief**

The Defendant's Letter [ECF No. 227] requests that he be immediately released. The Defendant contends that his term of imprisonment of eight years was vacated on November 5, 2019, and a new sentence of sixty months of imprisonment was imposed on November 7, 2019. He further contends that he has served eighty-five percent of this term, which, according to him, is forty-eight months.

The Defendant's contentions are confusing and incorrect for several reasons. First, the Defendant insists that his sentence was vacated on November 5, 2019. However, the Court has never vacated the Defendant's sentence of ninety-six months (eight years) imprisonment. The Defendant cites his § 2255 Motion when making this assertion, *see* Letter 1, ECF No. 227; however, the Court, in this Opinion and Order, is dismissing his § 2255 Motion. Therefore, his

term of imprisonment remains ninety-six months and his expected release date is June 9, 2025. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 5, 2021).

Second, the Defendant contends that the Court resentenced him to a term of imprisonment of sixty months. Such a term is incompatible with the Defendant's conviction. As previously explained, the Defendant was convicted of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). This conviction carries a statutory minimum of seven years (eighty-four months) of imprisonment. As such, even if the Court had resentenced the Defendant, it could not have imposed a sentence of sixty months.

Third, the Defendant contends that he should be released because he has served eighty-five percent of his term of imprisonment. However, the Defendant does not explain why he would be entitled to release after serving only a portion of his term of imprisonment, and the Court is unaware of such an arrangement. The Court recognizes that the Defendant may be referring to various good behavior credits; however, the execution of sentences and the computation of jail time, including computing jail time credits and determining a sentence termination date, is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Accordingly, the Court does not have the authority to grant the requested relief, even if it were warranted.

**NO CERTIFICATE OF APPEALABILITY**

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A

certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). The Court finds that Defendant has failed to show that reasonable jurists could debate whether his Motion presents a viable ground for relief. Therefore, the Court will not issue the Defendant a certificate of appealability.

**CONCLUSION**

For the reasons stated above, the Court DISMISSES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 195] and DENIES the relief requested in his Letter [ECF No. 227]. Further, the Court DENIES a Certificate of Appealability.

SO ORDERED on May 5, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT